Arturo RODRIGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 63124.

Court of Criminal Appeals of Texas, Panel No. 3.

July 14, 1982.

James A. Johnston, Dallas, for appellant.

James L. Chapman, Dist. Atty., C. Stephen Hughes, Asst. Dist. Atty., Sulphur Springs, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DALLY and McCORMICK, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for felony possession of marihuana. Punishment was assessed at confinement for five years and a fine of $5000.

Appellant challenges the sufficiency of the evidence to support the conviction. Our disposition of this issue makes it unnecessary to discuss the other grounds of error raised on appeal.

A trooper from the Department of Public Safety contacted a narcotics agent regarding the possibility of marihuana being grown on some property leased by Robert Euziere[1] in Franklin County after receiving information from a neighboring landowner. Arrangements were made for a helicopter search by D.P.S. on September 28, 1977. After several attempts, the agents were able to identify marihuana growing in the fields on the leased property. The agents noticed a man come out of the house on the property while they were hovering above the fields in the helicopter. The man looked up at them and then reentered the house. As the agents approached the house to search the premises, they noticed a fire burning from behind the building. Euziere was arrested on the premises and the agents conducted a search of the house.

The State's theory in support of appellant's conviction for possession was that he lived in the house with Euziere. Appellant was not present at the time of the arrest of Euziere or the search of the house. Marihuana was found in what was described as "Workroom # 1." The evidence relied on to show residency was primarily discovered in a room described as "Bedroom # 2." The room contained a bedroom set of furniture. In a cardboard box agents found military records, personal and business records and newspaper clippings related to a business owned by appellant, some of which were as much as eight years old. Also, an address book and a date book were found but were without indication of ownership. It was noted at trial that the address book contained an entry for "A. and O. Rodriguez" listing a Dallas address. The agent in charge of the search testified that clothes were also found in this room, but they were not produced at trial and he stated he did not know who they belonged to and could not testify they belonged to appellant. A billfold was also found in "Bedroom # 2" which contained a current driver's license for Arturo Rodriguez listing a Dallas ad-

dress. Photographs of appellant were found scattered throughout the house and some show him standing next to marihuana. However, there was no proof of when the photos were taken. Also, similar photos were found of many people other than appellant who were standing in and around what appeared to be marihuana. No marihuana was found in "Bedroom # 2."

■ Where an accused is charged with unlawful possession of a narcotic drug, it is necessary that the State prove two elements: (1) that he exercised care, control or management over the contraband, and (2) that he knew the object he possessed was contraband. *Sinor v. State*, 612 S.W.2d 591 (Tex.Cr.App.); *Dubry v. State*, 582 S.W.2d 841 (Tex.Cr.App.); *Wilkes v. State*, 572 S.W.2d 538 (Tex.Cr.App.); *Harrison v. State*, 555 S.W.2d 736 (Tex.Cr.App.); *Rice v. State*, 548 S.W.2d 725 (Tex.Cr.App.); *Hernandez v. State*, 538 S.W.2d 127 (Tex. Cr.App.); *Valdez v. State*, 481 S.W.2d 904 (Tex.Cr.App.); *Payne v. State*, 480 S.W.2d 732 (Tex.Cr.App.).

■ Possession of the contraband need not be exclusive and evidence which shows the accused jointly possessed the contraband with another is sufficient. *Sinor v. State*, supra; *Dubry v. State*, supra; *Waldon v. State*, 579 S.W.2d 499 (Tex.Cr.App.); *Sewell v. State*, 578 S.W.2d 131 (Tex.Cr. App.). However, whether the theory of prosecution is sole or joint possession, the evidence must *affirmatively link* the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence *and* he exercised control of it. *Sinor v. State*, supra; *Dubry v. State*, supra; *Waldon v. State*, supra; *Wilkes v. State*, supra; *Harrison v. State*, supra. This affirmative link is established by showing additional facts and circumstances which indicate the accused's knowledge and control of the contraband.

1. The record indicates that the owner of the property, Tom King, leased the property to a man who held himself out to be Arturo Rodriguez. King stated at trial, however, that appel- lant was not the man he dealt with and that Euziere was the person he made the agreement with.

**554**

The evidence in this case establishes no such affirmative link. Compare *Herrera v. State*, 561 S.W.2d 175 (Tex.Cr. App.). Even if appellant had been present at the time of the search, or had been shown to be a resident, proof of mere presence does not, in itself, justify a finding of joint possession. *Valdez v. State*, supra; *Payne v. State*, supra; *Kinkle v. State*, 474 S.W.2d 704 (Tex.Cr.App.). Although the person who owned the property thought he was dealing with Arturo Rodriguez when he leased the property, he testified that appellant was not in fact the lessee and that Euziere was the man he dealt with. Appellant was not shown to have possession of the property and therefore, "it cannot be concluded that he had knowledge of the contraband and control over it unless there are additional independent facts and circumstances which affirmatively link him to the contraband." *Herrera v. State*, supra; *Woods v. State*, 533 S.W.2d 16 (Tex.Cr. App.); *Higgins v. State*, 515 S.W.2d 268 (Tex.Cr.App.). Although there is some evidence of occupancy of a bedroom and some evidence of appellant's exposure and possible use of marihuana, there is no nexus between that evidence and the contraband appellant was accused of possessing.

While the evidence may *suggest* appellant's guilt, the proof here amounts only to a mere probability or strong suspicion and is insufficient to prove beyond a reasonable doubt that appellant possessed the contraband in question.

It is settled that where this Court finds the evidence to be insufficient to sustain a conviction, the constitutional guarantee against double jeopardy precludes further prosecution of the cause. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

The judgment is reversed and is ordered reformed to show an acquittal.