Gary DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–84–00290–CR.

Court of Appeals of Texas,
El Paso.

Sept. 11, 1985.

Doris A. Sipes, El Paso, for appellant.

Steve Simmons, Dist. Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a conviction for possession of over fifty pounds but less than two hundred pounds of marihuana. The jury assessed punishment at five years imprisonment and recommended probation. We affirm.

In Ground of Error No. One, Appellant contends that the evidence was insufficient to establish knowing care, management, custody or control over the marihuana. *Rodriguez v. State,* 635 S.W.2d 552 (Tex.Crim.App.1982); *Dubry v. State,* 582 S.W.2d 841 (Tex.Crim.App.1979). To prove joint possession, the evidence must establish an affirmative link to the accused to an extent that a reasonable inference arises that he or she knew of the presence and nature of the contraband and exercised care or control over it. *Rodriguez* at 553.

Appellant's arguments relating to circumstantial evidence are without merit under current standards of appellate review of sufficiency of the evidence. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984). With regard to affirmative linkage, Appellant's reliance on *Rodriguez* is misplaced. The evidence in this case is more akin to that presented in *Herrera v. State,* 561 S.W.2d 175 (Tex.Crim.App.1978) cited for comparison by the Court of Criminal appeals in *Rodriguez.*

In reviewing the sufficiency of the evidence, we have taken into consideration the testimony of Appellant and his codefendant Cintia Metz at the penalty phase of the trial. *Boothe v. State,* 474 S.W.2d 219 (Tex.Crim.App.1971). Viewed in a light most favorable to the verdict, the evidence reflected the following: Appellant and Metz were living together in a two-bedroom mobile home in El Paso; their tenancy began on February 3, 1984; based on an informant's tip, police officers secured a search warrant which they executed on April 3, 1984; when the police entered, no one was present; a strong odor of marihuana was detected immediately upon entry; the officers found ten plastic bags of marihuana weighing five to six pounds each in a closet in the secondary bedroom; the furnishings indicated that the room was not being used as a bedroom; a set of scales was found just outside that closet; in the other bedroom, police located four baggies of marihuana in the top dresser drawer which also contained men's socks; men's and women's clothing was found in the closet in that bedroom; a metal container was found beneath an end table in the living room; the metal container held "roach" clips, rolling papers, pipes and marihuana residue; various receipts and documents indicated both defendants' names and the address of the mobile home; both Appellant and codefendant Metz testified that the marihuana in the dresser drawer and the paraphernalia in the living room were theirs; both admitted smoking marihuana; both denied knowledge of the large quantity of marihuana found in the closet; Metz testified that her brother had placed it there without her knowledge or consent.

As in both *Rodriguez* and *Herrera,* the accused in this case was not present at the time of the search. In *Rodriguez,* there was minimal evidence of occupancy of the premises and none of control of the premises. Here, as in *Herrera,* the proof demonstrated not only occupancy but control under lease. The two tenants were charged with joint possession, thus the significance of joint access by them is not detrimental to the State's case but must be viewed in a light of establishing a double affirmative link. The self-serving statement by Metz as to ownership and deposit of the mari-

huana by her brother was subject to credibility rejection by the jury. There is no other evidence of free access to the mobile home by persons other than the two accused tenants. Despite the factual recitation in Appellant's brief, no one was present when the officers entered. Within a few minutes, two individuals did approach the trailer, knock on the door and ask for Appellant. There is nothing to indicate they had a key or other access without being admitted from within.

Evidence which would establish affirmative linkage and support a jury rejection of Metz's exculpatory explanation may be found in the testimonial admissions at the punishment stage. Appellant and the codefendant admitted joint ownership of the marihuana in the bedroom dresser and the paraphernalia in the living room. Both admitted use of marihuana. They were both, therefore, presumably familiar with the appearance and smell of marihuana. Officer Mijares testified to the pronounced smell which could be detected immediately upon entry. While the large quantity of marihuana was in a partially closed closet, the scales were in plain view outside.

Thus, the affirmative linkage was established by demonstrating control over the premises shared with a codefendant, familiarity with this type of contraband by both codefendant tenants, use of this type of contraband by both, admission of joint ownership of other contraband of the same type and associated paraphernalia in two other locations in the relatively small trailer, a pervasive aroma of the contraband throughout the premises, and location in plain view of the scales, in proximity to the large ‘cache. The evidence was sufficient to support the verdict. Ground of Error No. One is overruled.

In Ground of Error No. Two, Appellant contends that the court erred in refusing to require disclosure of the informant in this case. The identity need not be disclosed unless: 1) the informant participated in the offense; 2) the informant was present at the time of the offense or arrest; 3) the informant was otherwise shown to be a material witness to the offense or to whether the defendant knowingly committed the act charged. *Carmouche v. State*, 540 S.W.2d 701, 703 (Tex.Crim.App.1976). Appellant relies only upon the last situation as a basis for disclosure. The affidavit indicates that the informant personally observed a quantity of marihuana on the premises described within seventy-two hours preceding April 3, 1984. Appellant was not charged with the offense of possession at the time it was observed by the informant, but rather at the time of seizure on April 3. Further, there is nothing in the record to indicate that the informant was referring to the large cache located in the secondary bedroom which was the basis for the over-fifty-pound charge. For all that can be discerned from the record, the informant was referring to the smaller amount located in the dresser, which was claimed by the Appellant and his codefendant, which may reasonably be presumed to have been for active use by the defendants in connection with the paraphernalia found in the living room and which would logically be the more likely contraband to have been observed by a visiting informer. In any event, Appellant failed to establish that the informant was a material witness to knowing possession of the larger quantity upon which this prosecution is based. In *Carmouche*, cited by Appellant, the Court of Criminal Appeals upheld a refusal to order disclosure of an informant who could have arguably testified to knowing possession of a cigar box load of marihuana observed in the defendant's apartment. The informant and the arresting officer watched the defendant move out of his apartment and drive away. After the informant left, the defendant was stopped and a cigar box containing marihuana was seized. Possession in the vehicle was the basis for the charge, and the Court of Criminal Appeals held that the informant was not a material witness to the knowing commission of that offense. Without such a narrow rule, the valued privilege against informant disclosure would be meaningless, except where the informant was simply a conduit for

reliable hearsay and not an eyewitness. Hence the protective balance of the privilege would be shifted to the most questionable of informant situations. We find the *Carmouche* analysis and result applicable here. Ground of Error No. Two is overruled.

■ Ground of Error No. Three asserts that the State's failure to call the informant as a witness creates reasonable doubt as a matter of law. *Bell v. State,* 434 S.W.2d 684 (Tex.Crim.App.1968). The cited doctrine is of questionable validity following *Hankins v. State,* 646 S.W.2d 191 (Tex. Crim.App.1983). In any event, it would not be applicable given the strength of the State's case. Ground of Error No. Three is overruled.

■ In Ground of Error No. Four, Appellant challenges the sufficiency of the probable cause assertions contained in the affidavit used to secure the search warrant. The contention is without merit. The affidavit, viewed in a common sense manner, reflects a personal observation of marihuana by the informant in the described trailer. The affidavit asserts the informant's familiarity with marihuana and his past reliable service as an informant. The affidavit meets the standards established in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) *reh.den.* 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 and *Bellah v. State,* 653 S.W.2d 795 (Tex. Crim.App.1983). Ground of Error No. Four is overruled.

■ In Ground of Error No. Five, Appellant contends that the court erred in excluding hearsay testimony from Cintia Metz's parents as to declarations against penal interest made by her brother after her arrest. Error has not been preserved for appellate review. The matter was first brought up during the guilt-nonguilt stage of trial. The testimony was excluded. No bill of exception was made. During the punishment stage, the exculpatory theory of the brother's exclusive guilt was again brought out in Metz's testimony. She testified without objection that she did not

know the large quantity of marihuana was present, that after her arrest she confronted her brother, that he admitted it was his, that he placed it in her trailer, that it had been stored at their parents' residence in New Mexico, and that her brother moved it because he was afraid it would be found there. Metz's father was prohibited from relating the hearsay contents of his own confrontation with the son. He was permitted to testify that after his daughter's arrest he angrily confronted his son and fruitlessly attempted to acquire the son's testimony on behalf of the Appellant's codefendant. The evidence closed, the charge was read and the jury retired to deliberate before any effort was made to present the excluded testimony by bill of exception. Thus, the prerequisites for appellate review have not been satisfied. Tex.Code Crim.Pro.Ann. art. 40.09, sec. 6(d)(1) (Vernon Supp.1985). *Currie v. State,* 692 S.W.2d 95 (Tex.Crim.App.1985).

■ After the jury retired to deliberate, the defense attempted to present the excluded testimony by bill of exception. The proffered testimony of Mrs. Metz discloses *no* declaration of culpability by the son, much less one which would have been inconsistent with Appellant's guilt. *Ramirez v. State,* 543 S.W.2d 631 (Tex.Crim. App.1976). The proffer from Mr. Metz does contain a declaration against penal interest. However, on the prerequisite admissibility issue of inconsistency with the culpability of the Appellant, several observations should be made. The comments attributed to the brother contain assertions as to Cintia Metz's state of mind. Hence the testimony presents hearsay within hearsay. Under those circumstances, each separate identifiable increment of hearsay must be distinctly justified under some recognized exception to the hearsay rule. There was no testimony which would support the assertion as to her lack of knowledge. While the brother may have moved the marihuana into the trailer without her initial knowledge or consent, there is for instance no accompanying evidence of when the transfer took place, how long the malodorous cache remained in the trailer

prior to police seizure, or whether the Appellant (familiar with the use and contemporaneously using marihuana) discovered the cache and acquiesced tacitly in its continued presence. The abstract possibilities are numerous. Consequently, it cannot be said that the excluded declaration against penal interest was inconsistent with Metz's guilt of possession at the time of seizure. The third-party admission made no reference to lack of knowledge or consent on the part of Appellant Davis and clearly would not have been admissible on his behalf. In any event, the Appellant failed to perfect a proper bill of exception for reversible error. *Currie, supra.* Ground of Error No. Five is overruled.

The judgment is affirmed.