IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-171-CR





AMY CHRISTINE MATTHIESEN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. CR-91-195, HONORABLE FRED A. MOORE, JUDGE PRESIDING



 





 In a trial before the court, appellant was convicted of the offense of possessing a
controlled substance, lysergic acid diethylamide (L.S.D.) in an amount less than twenty-eight
grams. See Tex. Health & Safety Code Ann. § 481.115 (West 1992). Punishment was assessed
at ten years' probation and a fine of seven hundred fifty dollars. In her first point of error,
appellant asserts that the trial court erred in overruling her motion for acquittal because the
evidence was insufficient to support the conviction. In points of error two through five, appellant
complains of the trial court's overruling her motion to suppress. We will overrule appellant's
points of error and affirm the judgment of the trial court.

 Officers Jeff Caldwell and Bill Huddleston observed a marihuana plant growing on
the balcony of apartment 2003 at the Colony Square Apartments in San Marcos on May 17, 1991. 
After determining that appellant resided at the apartment, the officers obtained a warrant
authorizing a search of the apartment and the arrest of appellant. It is undisputed that appellant
and her sixteen-year-old son were the sole occupants of the apartment. A small "hit" of L.S.D.
was found in a clear capsule in an opaque ceramic jewelry box in the bathroom adjoining
appellant's bedroom. The search further revealed a "little paper of L.S.D." in the desk drawer
of the son's bedroom. Appellant denied any knowledge of the presence of L.S.D. in her
apartment, but stated that she knew about the marihuana plant on her balcony and a marihuana
pipe recovered from her bedroom. Appellant testified that she was familiar with L.S.D., knew
what it looked like, but that it had been five years since she had seen any L.S.D.

 Appellant directs our attention to evidence reflecting that she did not have exclusive
control of the apartment. Appellant testified that her son brought high school friends to the
apartment for lunch. While there was a bathroom other than the one adjoining appellant's
bedroom, appellant related that the boys used both bathrooms. Susan Kinel testified that she had
a key to appellant's apartment for three years and went there frequently during her lunch hour. 
Kinel related that a woman named Trish Searles had a key to appellant's apartment and used the
apartment "mainly" when her boyfriend was abusive. Kinel denied ownership of the L.S.D.
found in appellant's apartment. Appellant testified that Searles had been to her apartment the
week before the occasion in question and that she had known Searles to use L.S.D. Searles did
not testify.

 "'Possession' means actual care, custody, control or management." Tex. Health
& Safety Code Ann. § 481.002(38) (West 1992). Possession need not be exclusive, and evidence
which shows that the defendant jointly possessed it with another is sufficient. Wiersing v. State,
571 S.W.2d 188, 190 (Tex. Crim. App. 1978). When the accused is not in exclusive possession
of the place, there must be additional independent facts and circumstances which affirmatively link
the accused to the contraband. Id. at 190. The affirmative link can be established by showing
additional facts and circumstances which indicate the accused's knowledge and control of the
contraband. Guiton v. State, 742 S.W.2d 5, 8 (Tex. Crim. App. 1987).

 Appellant had leased the apartment for a number of years. The "hit" of L.S.D.
was conveniently accessible to appellant in a ladies' jewelry box in her bathroom that was only
accessible through appellant's bedroom. See Hahn v. State, 502 S.W.2d 724, 725 (Tex. Crim.
App. 1973). Appellant was familiar with L.S.D. See Davis v. State, 696 S.W.2d 494, 497 (Tex.
App.--El Paso 1985, no pet.). Another "hit" of L.S.D. was found in her son's room. The fact
finder could logically infer that appellant as lessee of the apartment was in control of the premises. 
See id. In addition to her ability to recognize L.S.D., appellant was no stranger to controlled
substances as evidenced by her possession of the marihuana plant and the marihuana pipe.

 Contrary to appellant's argument, we find that the evidence excludes every
reasonable hypothesis other than the guilt of appellant. (1) Viewing the evidence in the light most
favorable to the conviction, we hold that any rational trier of fact could have found that there was
sufficient evidence affirmatively linking appellant to the L.S.D. to prove the offense beyond a
reasonable doubt. Appellant's first point of error is overruled.

 Since appellant combines points of error two through five for discussion, we
address them accordingly. Appellant contends that the trial court erred in overruling her motion
to suppress because: the contraband was seized during the execution of a warrant that was not
supported by probable cause; the search exceeded the scope authorized by the warrant; appellant's
rights were violated under the Fourth and Fourteenth Amendments to the United States
Constitution; and appellant's rights were violated under Article I, Sections 9 and 19 of the
Constitution of Texas.

 Appellant urges that there was no probable cause to search the interior of the
apartment since the marihuana plant was observed on the balcony of the apartment. The affidavit
upon which the warrant was based recited that the affiant, Jeff Caldwell, and fellow police officer,
Bill Huddleston, observed a marihuana plant growing on the balcony of appellant's apartment that
was only accessible from appellant's apartment. The affidavit included the training and experience
of the officers in investigating narcotic offenses. The affidavit further stated that the officers knew
from their experience that those who deal in narcotics keep books, ledgers, receipts, tally sheets,
bank records, money orders, and other papers related to the cultivation, sale, and distribution of
narcotics.

 Warrant affidavits should be interpreted in a common sense and realistic manner
and the magistrate is permitted to draw reasonable inferences. See Jones v. State, 833 S.W.2d
118, 124 (Tex. Crim. App. 1992), cert. denied, 113 S.Ct. 1285 (1992). The magistrate is not
required to make a probable cause determination within a factual vacuum. See LaGrone v. State,
742 S.W.2d 659, 661 (Tex. Crim. App. 1987), cert. denied, 485 U.S. 937 (1988). Our review
of the magistrate's determination must "afford great deference to the issuing magistrate's decision
and be based upon the evidence as a whole." State v. Morgan, 841 S.W.2d 494, 498 (Tex.
App.--El Paso 1992, no pet.).

 Having read the affidavit as a whole, the issuing magistrate was justified in drawing
the reasonable and logical inference that marihuana would be found inside the apartment when the
officers observed a marihuana plant growing on the balcony of an apartment that was only
accessible from appellant's apartment. The magistrate could also consider the statements in the
affidavit relative to the officers' training and experience in investigating narcotic offenses. See
Holladay v. State, 805 S.W.2d 464, 473 (Tex. Crim. App. 1991). Appellant's argument that the
search warrant should have been limited to other marihuana plants would deprive a magistrate of
the right to exercise common sense and draw reasonable inferences in reviewing an affidavit. We
hold that the affidavit contained sufficient facts from which a magistrate could conclude that
probable cause existed for issuing a search warrant of appellant's apartment for marihuana, other
controlled substances and books, ledgers, and other papers relating to the cultivation,
manufacture, sale, and distribution of controlled substances. See Tex. Code Crim. Proc. Ann.
art. 18.01 (West Supp. 1994).

 Appellant contends that the closed opaque jewelry box in appellant's bathroom was
a container possessing a greater expectancy of privacy and that there was a lack of sufficient
probable cause to justify the officer in opening the box. Appellant urges that the instant cause is
virtually indistinguishable from United States v. Donnes, 947 F.2d 1430 (10th Cir. 1991). In
Donnes, the court held that the burden was on the government to justify the officers' opening and
inspecting a camera lens that was not in plain view with a valid exception to the warrant
requirement. Id. at 1436. Unlike Donnes, the officers' search in the instant cause was made
pursuant to a search warrant. Thus, the pivotal issue is whether the opening of the opaque jewelry
box on the vanity of appellant's bathroom exceeded the search authorized by the warrant. 
Appellant's argument appears to be that the jewelry box could not possibly contain any object the
officers were authorized to search for under the terms of the warrant. As heretofore noted, the
search warrant did not limit the search to other marihuana plants. The warrant authorized the
officers to search for marihuana and other controlled substances. While we do not have the
benefit of the dimensions of the jewelry box, we take judicial knowledge of the fact that a ladies'
jewelry box is capable of holding a sufficient quantity of marihuana or other controlled substances
to sustain a conviction for possession of the contraband. We hold that the officers did not exceed
the scope of the search authorized by the warrant. Appellant's second through fifth points of error
are overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Powers, B. A. Smith and Davis*

Affirmed

Filed: February 16, 1994

Do Not Publish




* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   The instant cause was tried on October 8, 1991, prior to Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991), which prospectively overruled the use of the reasonable hypothesis
analysis in all cases tried after November 6, 1991.