Eppinger 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00669-CR







Billy York Eppinger, Appellant




v.




The State of Texas, Appellee








FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY


NO. 2C94-1621, HONORABLE JOHN BARINA, JUDGE PRESIDING








 A jury convicted appellant, Billy York Eppinger, of possessing less than two
ounces of marihuana. See Tex. Health & Safety Code § 481.121(a),(b)(1) (West Supp. 1996). (1) 
The court assessed punishment of imprisonment for 180 days and a fine of $750. On appeal,
Eppinger contends that the trial court erred by admitting allegedly irrelevant evidence. 
Additionally, Eppinger contends that the evidence was insufficient to support his conviction. We
will affirm the judgment of conviction.

 On February 16, 1994, Eppinger was arrested for possession of marihuana during
a search of his home conducted by Temple police officers. Following days of surveillance, the
police officers executed the search warrant based on the purchase of marihuana by a confidential
informant from appellant. As police officers entered the house, appellant fled the front room and
attempted to leave through the back door. Officers apprehended appellant outside. A search of
appellant revealed a list of individuals with dollar amounts next to each name, as well as cash
totaling $6,621 in small bills. A search of the front room yielded a police scanner and rolling
papers commonly used to smoke marihuana. In the middle room, the police found scales, a plastic
bag containing seven smaller bags of marihuana, a marihuana cigarette on a chair, and
photographs depicting appellant and others in front of a wall with "MERRY X-MAS" spelled out
in twenty-dollar bills. In appellant's bedroom, officers recovered $200 worth of food stamps and
more rolling papers.

 Appellant challenges the trial court's admission of State's Exhibits 2 through 7,
photographs of appellant and others in appellant's residence standing before a display of twenty-dollar bills tacked together to spell-out "MERRY X-MAS," contending that the photographs were
not relevant to the marihuana possession charge. Additionally, appellant contends that the
photographs should have been excluded because the danger of undue prejudice outweighed their
probative value. At trial, appellant objected to the evidence only on the grounds of relevancy. 
Accordingly, that is the only issue this Court will consider. See Tex. R. App. P. 52(a).

 Evidence is relevant if it has the tendency to make the existence of any fact that is
of consequence to the determination of the action more or less probable than it would be without
the evidence. Tex. R. Crim. Evid. 401. Rule 402 provides that irrelevant evidence is
inadmissible. Tex. R. Crim. Evid. 402. Whether evidence is relevant to any issue in the case
lies within the sound discretion of the trial court. Paz v. State, 749 S.W.2d 626, 629 (Tex.
App.--Corpus Christi 1988, pet ref'd). A trial court does not abuse its discretion as long as its
ruling lies within the zone of reasonable disagreement. Montgomery v. State, 810 S.W.2d. 372,
391 (Tex. Crim. App. 1990).

 In order to prove that appellant possessed the marihuana, the State was required
to prove that (1) he exercised care, control, and management over the contraband; and (2) that he
knew the substance was contraband. McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim.
App. 1985). When the State's evidence is mainly circumstantial, evidence tending to show an
accused is dealing in drugs is admissible to show the essential element of knowledge in a
possession of controlled substance prosecution. Arnott v. State, 498 S.W.2d 166, 176-177 (Tex.
Crim. App. 1973). The photographs were used to show that appellant had been in possession of
a large amount of money, which related directly to whether or not he was involved in trafficking
drugs. Additionally, the pictures were not introduced in a vacuum. They were introduced
following evidence of over $6,000 found on appellant's person, to which appellant did not object,
and Officer Dorsey's testimony of the amount and denominations of money usually found in the
possession of drug dealers. Further, appellant's brother testified that he alone had been trafficking
in drugs. The pictures contradicted this testimony by showing appellant in possession of large
amounts of money around Christmas, prior to his brother's arrival. We hold that the trial court
did not abuse its discretion in admitting the pictures into evidence. Accordingly, we overrule
appellant's first point of error.

 Appellant contends in his second and third points of error that the evidence is
legally and factually insufficient to support appellant's conviction for the possession of marihuana. 
In determining whether the evidence is legally sufficient to support the conviction, we will
consider the evidence in the light most favorable to the jury's verdict and then determine whether
any rational trier of fact could have found the essential elements of the crime charged beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 n.12 (1979); Valdez v. State, 776
S.W.2d 162, 165 (Tex. Crim. App. 1989), cert. denied, 495 U.S. 963 (1990). This standard of
review is applicable in both direct and circumstantial evidence cases. Herndon v. State, 787
S.W.2d 408, 409 (Tex. Crim. App. 1990).

 In conducting a factual sufficiency review, we view all of the evidence equally,
including the testimony of defense witnesses and the existence of alternate hypotheses. We do not
view the evidence in the light most favorable to the prosecution as in a legal-sufficiency review. 
We will sustain appellant's point of error only if the finding of the possession of controlled
substance is so against the overwhelming weight of the evidence as to be clearly wrong and unjust. 
See Clewis v. State, No. 450-94, slip op. at 10, n.10, 11 (Tex. Crim. App. Jan. 31, 1996); Stone
v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely filed).

 The State was required to prove that appellant exercised care, control, and
management over the contraband and that he knew the substance was contraband. Possession of
the contraband need not be exclusive and evidence which shows the accused jointly possessed the
contraband with another is sufficient to support a conviction. McGoldrick v. State, 682 S.W.2d
at 578; Rodriguez v. State, 635 S.W.2d 552, 553 (Tex. Crim. App. 1982). The evidence must
affirmatively link the accused to the contraband in such a manner that it can be concluded that he
had knowledge of the contraband as well as control over it. McGoldrick, 682 S.W.2d. at 578;
Rodriguez, 635 S.W.2d at 553. Mere presence alone at a place where the contraband is being used
or possessed by others does not justify a finding that a person is a party to an offense. Martin v.
State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988).

 The Court of Criminal Appeals has identified factors tending to affirmatively link
the accused to the contraband. Factors relevant to the present case include whether: (1) the
contraband was in plain view; (2) the contraband was conveniently accessible to the accused; (3)
the accused was the owner of the place where the contraband was found; (4) the place where the
contraband was found was enclosed; (5) the strong odor of marihuana was present; (6)
paraphernalia to use the contraband was in view of or found on the accused; (7) conduct by the
accused indicated a consciousness of guilt; and (8) the accused had a special connection to the
contraband. Whitworth v. State, 808 S.W.2d 566, 569 (Tex. Crim. App. 1991). The number of
factors present is less important than the logical force of the factors, alone or in combination, in
establishing the elements of the offense. Trejo v. State, 766 S.W. 2d 381, 385 (Tex. App.--Austin,
1989, no pet.).

 In Eppinger's case, the evidence showed the following factors: (1) the marihuana
was found in plain view on a chair in the living room; (2) appellant was present at the place
searched, which was his residence; (3) scales, rolling papers and other paraphernalia associated
with dealing marihuana were in view of appellant; (4) appellant sold marihuana to a confidential
informant at the residence on the date the search warrant was executed, demonstrating a special
connection with contraband; (5) appellant fled from the room where the marihuana was located
when police entered his residence; and (6) "drug notes" were found on appellant's person as well
as over $6,000 in small bills.

 From these facts, the jury could conclude that appellant exercised actual care,
custody, control or management over the marihuana and that he knew the substance was
marihuana. The only evidence that directly contradicts this conclusion was offered by appellant's
brother, presently serving a life sentence for murder, who testified that it was his marihuana and
he was selling the drugs. The jury is entitled to accept or reject all or any part of the testimony
by witnesses for the State or the accused. Beardsley v. State, 738 S.W.2d 681, 684 (Tex. Crim.
App. 1987); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986), cert. denied, 488
U.S. 872 (1988). Reconciliation of evidentiary conflicts is solely a function of the trier of fact,
and if a conflict exists in the inferences of evidence, this Court must presume that the jury
resolved any conflict in favor of the prosecution. Matson v. State, 819 S.W.2d 839, 846 (Tex.
Crim. App. 1990); Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982). The jury
could reasonably conclude that the testimony by appellant's brother was not credible based on this
witness' prior convictions and testimony.

 We hold the evidence legally and factually sufficient to support the jury's verdict
that appellant possessed the marihuana. We therefore overrule appellant's second and third points
of error.

 Having overruled all of appellant's points of error, we affirm the trial court's
judgment.



 

 Bea Ann Smith, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: June 12, 1996

Do Not Publish

1.   This offense took place in 1994 and is governed by the law in effect at that time. 
Because subsequent changes to the Health and Safety Code have no impact on the issues
raised by this appeal, we cite the current code for convenience. 


oldrick v. State, 682 S.W.2d
at 578; Rodriguez v. State, 635 S.W.2d 552, 553 (Tex. Crim. App. 1982). The evidence must
affirmatively link the accused to the contraband in such a manner that it can be concluded that he
had knowledge of the contraband as well as control over it. McGoldrick, 682 S.W.2d. at 578;
Rodriguez, 635 S.W.2d at 553. Mere presence alone at a place where the contraband is being used
or possessed by others does not justify a finding that a person is a party to an offense. Martin v.
State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988).

 The Court of Criminal Appeals has identified factors tending to affirmatively link
the accused to the contraband. Factors relevant to the present case include whether: (1) the
contraband was in plain view; (2) the contraband was conveniently accessible to the accused; (3)
the accused was the owner of the place where the contraband was found; (4) the place where the
contraband was found was enclosed; (5) the strong odor of marihuana was present; (6)
paraphernalia to use the contraband was in view of or found on the accused; (7) conduct by the
accused indicated a consciousness of guilt; and (8) the accused had a special connection to the
contraband. Whitworth v. State, 808 S.W.2d 566, 569 (Tex. Crim. App. 1991). The number of
factors present is less important than the logical force of the factors, alone or in combination, in
establishing the elements of the offense.