# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00489-CR

**Steve Hinojosa, Appellant**

**v.**

**State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 229TH JUDICIAL DISTRICT
### NO. 000079, HONORABLE JON N. WISSER, JUDGE PRESIDING

Appellant was convicted of possessing four grams or more but less than 200 grams of heroin. *See* Tex. Health & Safety Code Ann. § 481.102(2), .115(a)(d)(West Supp. 2001). The trial court assessed appellant's punishment, enhanced by a prior felony conviction, at imprisonment for seventeen years. Appellant asserts that the evidence is legally and factually insufficient to support the jury's verdict and that unlawfully obtained evidence was admitted. Appellant also asserts, and the State concedes, that the judgment incorrectly reflects the trial court's findings concerning appellant's conviction of prior offenses. The judgment will be modified and, as modified, affirmed.

In his first point of error, appellant asserts that the evidence is legally insufficient to support the jury's verdict. In reviewing the legal sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Patrick v. State*, 906 S.W.2d 481, 486 (Tex. Crim. App. 1995).

This standard is applicable to either direct or circumstantial evidence. *Geesa v. State*, 820 S.W.2d 154, 167 (Tex. Crim. App. 1991). To prove possession of a controlled substance, it is necessary to show that the accused exercised actual care, custody, control, or management of the contraband and that the accused had knowledge the substance possessed was contraband. *See* Tex. Health & Safety Code Ann. § 481.002 (38), .115(a) (West Supp. 2001); *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995); *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). However, the accused's link to the contraband need not be so strong that it excludes every other outstanding reasonable hypothesis except accused's guilt. *Brown v. State*, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995). Also, possession of contraband need not be exclusive; joint possession of contraband with another is sufficient. *Rodriguez v. State*, 635 S.W.2d 552, 553 (Tex. Crim. App. 1982).

About 9:00 p.m. on November 22, 1999, Austin police officer Jessie Severson was on patrol in a marked patrol car in southeast Austin. He heard loud music coming from behind a convenience store. He circled the block and saw two cars "jacked up" behind the convenience store. The loud music was coming from both of these cars. Three men were near the cars. When they did not lower the volume of the music, Severson stopped. He told the men that the music was entirely too loud and that playing the music so loudly violated a city ordinance. The men lowered the volume of the music. One of the men who identified himself as Marcus Trujillo said that he was "swapping the tires" on both cars. Trujillo was using a "big pipe" to remove the rear wheel of one of the cars. The other two men identified themselves as Stephen Delacerda and Steve Hinojosa. Hinojosa, the appellant, told Severson that his mother owned the car from which Trujillo was removing the wheel. Appellant and Delacerda "acted nervous" and kept walking around the car from which Trujillo was

2

removing the wheel. Trujillo kept talking to Severson in such an overly friendly manner that Severson became suspicious that Trujillo was trying to divert his attention away from appellant and Delacerda. During his conversation with Trujillo, Severson observed Delacerda enter the open front passenger door of appellant's mother's car. It appeared to Severson that Delacerda placed something under the driver's seat. Delacerda then joined appellant in front of the car. Severson became concerned about his safety because he thought Delacerda had placed a weapon under the car seat.

A back-up officer, an officer Moore, whose first name is not in the record, came to the scene. The officers frisked all three men; none of them was carrying prohibited weapons. While Moore detained the men, Severson looked under the driver's seat of appellant's mother's car. He saw a metal can with a magnet attached, and he smelled a faint vinegar-like smell. Severson, a former narcotics officer, recognized the faint vinegar-like smell as a characteristic smell of heroin. He also knew that containers with magnets attached were often used to carry drugs. Severson opened the box; in the box were twenty-three small balloons containing a substance later shown to be 4.06 grams of heroin. After finding the heroin, Severson looked under the car's hood and found another metal container attached to the wheel well with a magnet. This container held eighty-seven balloons in which a substance later shown to be 15.11 grams of heroin was found. Evidence was admitted that the street value of the heroin seized was $2,200.

Trujillo was not arrested; appellant and Delacerda were arrested for possessing heroin. In the search incident to this arrest, the officers found in appellant's pocket $1,400 in cash. The officers found in Delacerda's pocket $1,146 in cash. Severson testified that drug dealers often carried

3

large amounts of cash. Latent finger prints on both metal containers were not sufficient for identification.

Appellant's mother, while testifying as a defense witness, testified that she owned the car in which the heroin was found. She also testified that appellant frequently used the car with her permission. Appellant's mother was the title owner of the car. Evidence was admitted that during the week before appellant was arrested, police officers on two different occasions had warned appellant that his car radio was too loud; on each occasion, appellant was driving his mother's car, the car in which the heroin was later found at the time he was arrested.

Without objection, the trial court admitted evidence that appellant had previously entered a guilty plea and was convicted of the offense of delivering heroin. This evidence was admitted for the limited purpose of showing appellant had knowledge that the substance found in the metal containers was heroin.

Viewing this evidence in the light most favorable to the prosecution, the jury as the trier of fact could rationally find beyond a reasonable doubt that appellant, either individually or jointly, possessed the substance found in the metal containers and that he knew the substance was heroin. The evidence is legally sufficient to support the jury's verdict. Appellant's first point of error is overruled.

In his second and third points of error, appellant asserts that the evidence is factually insufficient to support the jury's verdict. In a factual sufficiency review, we are required to give deference to the jury's verdict and examine all of the evidence impartially, setting aside the jury verdict "only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong

4

and unjust." *Cain v. State*, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). The complete and correct standard a reviewing court must follow to conduct a *Clewis* factual sufficiency review is to determine whether a neutral review of all of the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

In his defense, appellant offered the testimony of his mother and Marcos Trujillo. Stephen Delacerda was also called as a defense witness, but he invoked his constitutional privilege against self-incrimination and refused to testify. We will summarize appellant's defense established through the testimony of his mother and Trujillo. This evidence along with the other evidence already summarized will be considered in determining the factual sufficiency of the evidence.

Appellant's mother testified she had authorized appellant to sell her car for $1,500. Appellant had sold his mother's car to Delacerda before Trujillo started to swap-out the wheels on the cars and before Officer Severson stopped to warn the men they were playing music too loudly. Trujillo testified that he knew his friend Delacerda sold heroin and that he saw Delacerda place the two metal containers, which contained the heroin, in the car he had purchased from appellant. Trujillo had affixed the magnets to the metal containers and had painted one of them black at the request of Delacerda about a month before they were seized by Severson. Trujillo testified that he was a good friend of appellant's father and mother and that he had known appellant since appellant

5

was a baby. Trujillo testified that he knew appellant did not use heroin and that he did not sell heroin. Further, he testified that the heroin seized by Severson belonged to Delacerda, not to appellant.

On cross-examination, appellant's mother admitted that at the time of trial she still possessed her car and that she was its title owner. On cross-examination, Trujillo admitted that he did not really know whether appellant used or sold heroin. He admitted that appellant drove his mother's car to the lot behind the convenience store where the wheels were being changed. He admitted that he did not tell Severson that appellant had sold his mother's car to Delacerda. He admitted that he told Delacerda to tell the officers that the heroin they found was his. Trujillo testified that he had been in prison for one-half of his life. He had been convicted of manslaughter, served time in prison, and was still on parole. While on parole, he had been arrested and charged with possessing cocaine; at the time he testified, he had been in jail for six months pending disposition of these charges. The jury quite likely felt Trujillo's admissions on cross-examination discredited appellant's defense.

After examining all of the evidence impartially and giving deference to the jury's verdict, we conclude that the jury's verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Moreover, our neutral review of all of the evidence both for and against the jury's verdict fails to demonstrate that the proof of appellant's guilt is so obviously weak as to undermine confidence in the jury's determination, or that the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. The evidence is factually sufficient to support the jury's verdict. Appellant's second and third points of error are overruled.

In his fourth point of error, appellant complains that the trial court erred in overruling his motion to suppress evidence and in admitting the unlawfully-seized evidence. Appellant's complaint that the contraband was unlawfully seized was waived and not properly preserved for appellate review. Although challenged in a pretrial suppression hearing, when the evidence is offered during trial and defense counsel states there is "no objection," the right to object on appeal is waived. *Jones v. State*, 833 S.W.2d 118, 126 (Tex. Crim. App. 1992); *Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992); *Harris v. State*, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983); *Hardin v. State*, 951 S.W.2d 208, 210 (Tex. App.—Houston [14th Dist.] 1997, no pet.); *Tuffiash v. State*, 948 S.W.2d 873, 876 (Tex. App.—San Antonio 1997, pet. ref'd). Here, during trial, when the heroin was offered in evidence, defense counsel affirmatively stated, "No objection." This waived the error, if any, in the trial court's ruling on the motion to suppress evidence. Furthermore, appellants ground urged at the suppression hearing was different than the ground urged on appeal. Appellant's fourth point of error is overruled.

In his fifth point of error, appellant complains that the judgment in several respects reflects incorrectly the trial court's findings concerning appellant's prior convictions. The State agrees. The judgment is not in accord with the record. We will modify the judgment and affirm the judgment as modified. *See* Tex. R. App. P. 43.2 (b). Appellant entered a not-guilty plea to the charged offense of possessing *with the intent to deliver* four grams or more but less that 200 grams of heroin, a first degree felony. *See* Tex. Health & Safety Code Ann. § 481.112(a)(d) (West Supp. 2001). The jury found appellant guilty of the lesser offense of possession of four or more but less than 200 grams of heroin, a second degree felony. *See id.* § 481.115(a)(d). In paragraph II of the

indictment, it was alleged to enhance punishment that appellant had previously been convicted on February 2, 1998, of the felony offenses of delivery of cocaine and possession of heroin. It was further alleged that these convictions became final before appellant committed the primary offense charged in this case. In paragraph III of the indictment, it was alleged that appellant had been previously convicted of the felony offense of the unauthorized use of a motor vehicle on May 19, 1997. It was further alleged that this conviction became final before the commission of the offenses alleged in paragraph II.

At the punishment phase of the trial, appellant entered pleas of true to the allegations of both paragraphs II and III. However, the State offered proof of the allegations. It developed that the allegations of paragraph III were improper and the trial court made no finding that the allegations of paragraph III were true. The trial court found that the allegations of paragraph II were true. The court's finding that the enhancement allegations of paragraph II were true enhanced the penalty to that of a first degree felony. *See* Tex. Pen. Code Ann. § 12.42(b) (West Supp. 2001). Punishment for a first degree felony is imprisonment for life or any term of not more than ninety-nine years or not less than five years. The punishment assessed of imprisonment for seventeen years is within the permissible range of punishment.

The judgment about which appellant complains incorrectly states: (1) "TERMS OF PLEA BARGAIN: SEVENTEEN (17) YEARS . . ." because there was no plea bargain. (2) "FINDINGS ON ENHANCEMENT: TRUE" because while the court found enhancement paragraph II of the indictment true, it made no finding on enhancement paragraph III; (3) "Thereupon the indictment was read and the defendant entered his/her plea of NOT GUILTY to the following charge

8

contained in the indictment . . . POSSESSION OF HEROIN 4-200 GRAMS," because the appellant's "not guilty plea" was to the charged offense of possession of heroin with the intent to deliver; and (4) ". . . and returned the following verdict which was received by the Court and is here now entered upon the minutes of the Court; to wit:

/s/ BARRY CHARLES WOOD
FOREPERSON OF THE JURY,"

because the judgment omits the jury's verdict which reads: "We, the jury, find the defendant Steve Hinojosa alias Steve Granado, guilty of the offense of possession of heroin in an amount of from 4 to 200 grams." Also, the judgment makes incorrect and redundant statements in conflict with the record relating to paragraph II of the indictment. The judgment incorrectly states "and that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final." Appellant was convicted of both felonies alleged in paragraph II on the same day; therefore, neither conviction was final before the other felony was committed.

In addition, the judgment incorrectly states "that each and all allegations set out in the *THIRD* paragraph of the indictment . . . are true . . . and that said conviction was a final conviction prior to the offense charged against said defendant as set forth in the *SECOND* paragraph of the indictment." The court made no such finding. These same statements are repeated in the sentencing part of the judgment.

9

The judgment is modified to agree with the record at the punishment phase of trial; it is ordered that the judgment be corrected.  The trial court's judgment as modified is affirmed.

_____

Carl E. F. Dally, Justice

Before Justices Kidd, B. A. Smith and Dally[*]

Modified and, as Modified, Affirmed

Filed:   September 13, 2001

Do Not Publish

---

[*]   Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).