COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

HEATHER DAWN McGARY,
)
 No. 08-01-00494-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 70th District Court

)


THE STATE OF TEXAS,
)
 of Ector County, Texas

)


 Appellee.
)
 (TC# A-27,552)


O P I N I O N



 In July 1999, Heather Dawn McGary pled guilty to possession of less than one gram of
cocaine and was placed on two years' community supervision. After she was arrested again for
possession, a motion to revoke was filed. The trial court found the allegations true, revoked
probation, and sentenced Appellant to twelve months incarceration. Because her trial attorney failed
to timely perfect, the Court of Criminal Appeals granted an out-of-time appeal. Appellant now
complains of the sufficiency of the evidence and ineffective assistance of counsel. We affirm.

FACTUAL SUMMARY


 At approximately 2:45 a.m. on the morning of November 16, 2000, troopers with the Texas
Department of Public Safety pulled over a vehicle for its failure to signal on two occasions. 
Appellant was a passenger in the car driven by her former boyfriend, James Hughes. Trooper Eric
Gray initially thought the driver was intoxicated and asked him to exit the car. He then determined
that Hughes was not intoxicated and left him with another officer at the rear of the vehicle. 
Appellant was still sitting in the passenger seat. The trooper asked for her driver's license. As she
fumbled through her purse on the floorboard, the trooper noticed that the purse contained a beer can. 
The officer became suspicious when Appellant removed the beer can from her purse and continued
to look for her license but would not pick the purse up off the floor. The officer could tell she had
been drinking and believed that she was hiding something. Hughes authorized a search of the
vehicle and the officer asked Appellant to step outside. When she did so, she left the purse in the
car. Thinking that Appellant had something hidden in her purse, the officer asked if he could search
it and Appellant consented. He found nothing illegal in the purse, but when he looked under the seat,
in close proximity to where she had left the purse, he located a small plastic bag containing cocaine. 
Lab results later revealed that the bag contained .32 grams of cocaine. 

 Hughes and Appellant denied possession of the cocaine but admitted to the troopers that they
were on probation for prior possession offenses. Both were arrested. Since Appellant was acting
suspiciously and the drugs were found directly under her passenger side seat after she appeared to
conceal them, Trooper Gray believed the cocaine belonged to Appellant. 

 Adrian Chavez represented Appellant at the probation revocation hearing. The first count
alleged that on November 16, 2000, Appellant was arrested for the possession of cocaine. She was
also charged with failing to report to her community supervisor (Count 2), breaking her home
restriction requirements by being away from her house late at night (Count 3), failing to perform five
hours of community service during November 2000 (Count 4), and failing to make a monthly
payment of $95 towards her fine in October 2000 (Count 5). Appellant pled not true to all five
counts. The court found that there was sufficient evidence to support Counts 1, 4, and 5, and
insufficient evidence to support Counts 2 and 3. It revoked her community supervision and
sentenced her to twelve months in the state jail facility.

 Trial counsel filed an application for writ of habeas corpus but failed to perfect appeal. 
Appellant retained J. Michael Cunningham, who represented her in connection with the evidentiary
hearing pertaining to her writ. At the hearing, Appellant explained how Chavez had indicated to her
that he planned on calling her parents as witnesses at the revocation but he failed to do so. His
specific reason was that "he didn't want to put them through that." Appellant's parents testified at
the writ hearing and presented affidavits which were admitted into evidence. Chavez did not testify
in person, but his affidavit was admitted into evidence. In the affidavit, Chavez admitted his failure
to timely file the notice of appeal. The affidavit is silent, however, as to the trial strategy--or lack
thereof--underlying Appellant's claims of ineffective assistance. 

 As a result of the evidentiary hearing, the Court of Criminal Appeals authorized an out-of-time appeal. We turn now to the merits.

REVOCATION OF COMMUNITY SUPERVISION


 In Point of Error No. One, Appellant contends that the State did not prove that she
violated the terms and conditions of her probation. In analyzing this issue, we bear in mind that a
trial court has considerable discretion to modify, revoke, or continue community supervision. See
Ex parte Tarver, 725 S.W.2d 195, 200 (Tex.Crim.App. 1986); Becker v. State, 33 S.W.3d 64, 66
(Tex.App.--El Paso 2000, no pet.). In a community supervision revocation proceeding, the State
bears the burden to establish the violations of the trial court's order by a preponderance of the
evidence. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993); Becker, 33 S.W.3d at 66. It
is the trial court's duty to determine whether the allegations in the revocation motion are true. 
Langford v. State, 578 S.W.2d 737, 739 (Tex.Crim.App. 1979); Becker, 33 S.W.3d at 66. In making
this determination, the trial court is the sole trier of facts, and the judge of the credibility of the
witnesses and the weight to be given the testimony. Taylor v. State, 604 S.W.2d 175, 179
(Tex.Crim.App. 1980); Becker, 33 S.W.3d at 66. When the State has sustained its burden of proving
the allegation by a preponderance of the evidence and no procedural obstacle is raised, the decision
whether to revoke probation is within the discretion of the trial court. Flournoy v. State, 589 S.W.2d
705, 707 (Tex.Crim.App. 1979); Gordon v. State, 4 S.W.3d 32, 35 (Tex.App.--El Paso 1999, no
pet.). Under such circumstances, the trial court's discretion is substantially absolute. Flournoy, 589
S.W.2d at 708; Gordon, 4 S.W.3d at 35. Thus, the only question presented on appeal is whether the
trial court abused its discretion in revoking probation. Garrett v. State, 619 S.W.2d 172, 174
(Tex.Crim.App. 1981); Gordon, 4 S.W.3d at 35. If a single ground for revocation is supported by
a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown. 
Sanchez v. State, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); Gordon, 4 S.W.3d at 35.

 To prove drug possession, the State must demonstrate (1) that the defendant exercised care,
custody, control, or management over the drugs, and (2) that she knew she possessed a controlled
substance. Brown v. State, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995). When a defendant is not
in exclusive possession or control of the place where the drugs are found, the State must
affirmatively link the defendant with the drugs. Rodriguez v. State, 635 S.W.2d 552 (Tex.Crim.App.
1982). More than mere presence is required, especially when several people are present or in
possession of the place where the drugs are found. Id.; Gutierrez v. State, 628 S.W.2d 57, 60
(Tex.Crim.App. 1980). The State's evidence need not exclude every reasonable hypothesis other
than the defendant's guilt, but it must show facts and circumstances that, viewed in the totality of
the circumstances, indicate the defendant's knowledge and control over the drugs. See Brown, 911
S.W.2d at 748; Hyett v. State, 58 S.W.3d 826, 830 (Tex.App.--Houston [14th Dist.] 2001, pet. ref'd);
Howard v. State, 972 S.W.2d 121, 124 (Tex.App.--Austin 1998, no pet.). Affirmative links between
a defendant and illegal drugs may include: the defendant's presence when the drugs are found;
whether the drugs or other contraband were in plain view; the defendant's proximity to and the
accessibility of the drugs; whether the defendant was under the influence of drugs when the drugs
were found; whether the defendant made incriminating statements or furtive gestures; whether the
defendant had the right to possess the place where the drugs were found; and whether that place was
enclosed. See Hyett, 58 S.W.3d at 830.

 When the troopers stopped the vehicle, Appellant and her former boyfriend were the only
occupants in the car. Upon coming into contact with Appellant, Trooper Gray believed that she had
been drinking and that she was acting suspiciously when she began fumbling through her purse in
search of her identification. The officer thought this behavior was peculiar since Appellant would
not pick up the purse from the floorboard, as if she were hiding something. The officer obtained
permission to search the vehicle and the purse. Appellant left the purse on the floorboard when she
got out of the car and the officer did not observe the cocaine hidden under the seat until he had
removed the purse. Appellant was sitting in the passenger seat of the vehicle, the cocaine was found
underneath her seat near where she left her purse, and Appellant appeared to be hiding it. The driver
of the car also testified that the cocaine belonged to Appellant. This factor will be considered in
more detail below.

 The State proved by a preponderance of the evidence that Appellant knowingly possessed
cocaine and thus violated the terms and conditions of her probation. Consequently, we find no abuse
of discretion and overrule Point of Error No. One.

INEFFECTIVE ASSISTANCE OF COUNSEL


 In her second point of error, Appellant claims that she was denied the effective assistance of
counsel because her trial attorney did not call her parents to testify at the revocation hearing. In
Point of Error No. Three, she complains that trial counsel failed to urge hearsay objections during
Hughes' testimony.

Standard of Review


 A probation revocation proceeding is neither a criminal nor a civil trial, but rather an
administrative hearing. Cobb, 851 S.W.2d at 873; Bradley v. State, 564 S.W.2d 727, 729
(Tex.Crim.App. 1978)(en banc). Although the proceeding is administrative in nature, a probationer
has the right to be assisted by counsel. Hill v. State, 480 S.W.2d 200, 202-03 (Tex.Crim.App. 1971),
citing Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed .2d 336 (1967). The right to assistance
of counsel includes the right to reasonably effective assistance of counsel. See Strickland v.
Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984); Stafford v. State, 813
S.W.2d 503, 506 (Tex.Crim.App. 1991), Calderon v.State, 950 S.W.2d 121, 126 (Tex.App.--El Paso
1997, no pet.). However, a defendant is not entitled to errorless counsel or counsel whose
competency is judged by hindsight. Stafford, 813 S.W.2d at 506; Calderon, 950 S.W.2d at 126. 

 The proper standard for determining claims of ineffective assistance under the Sixth
Amendment is the analysis adopted by the United States Supreme Court in Strickland v. Washington. 
 See Hernandez v. State, 988 S.W.2d 770, 771-72 (Tex.Crim.App. 1999). We apply the two-pronged
Strickland test to determine whether representation was so inadequate as to violate Appellant's right
to reasonably effective counsel. See Thompson v. State, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999). 
Under the first prong, the defendant must show that counsel's performance was deficient, to the
extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment. Jackson
v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). The defendant must demonstrate that his
attorney's representation fell below an objective standard of reasonableness under prevailing
professional norms. Vasquez v. State, 830 S.W.2d 948, 949 (Tex.Crim.App. 1992). Under the
second prong the appellant must show: (1) counsel's performance was deficient; and (2) the deficient
performance prejudiced the defense. See Strickland, 466 U.S. at 687, 104 S.Ct. at 2052, 80 L.Ed.2d
at 693; Thompson, 9 S.W.3d at 812. Prejudice is established by a showing that there is a reasonable
probability that but for counsel's unprofessional errors, the result of the proceeding would have been
different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed. at 698; Jackson, 877 S.W.2d at
771; Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). A reasonable probability is a
probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694, 104
S.Ct. at 2068, 80 L.Ed.2d at 698; Jackson, 877 S.W.2d at 771.

 Under the Strickland test, Appellant bears the burden of proving ineffective assistance by a
preponderance of the evidence. Jackson, 877 S.W.2d at 771; Calderon, 950 S.W.2d at 126. 
Allegations of ineffectiveness of counsel must be firmly founded in the record. Hawkins v. State,
660 S.W.2d 65, 75 (Tex.Crim.App. 1983); Calderon, 950 S.W.2d at 126. Judicial scrutiny of
counsel's performance must be highly deferential and we must indulge a strong presumption that
counsel's conduct falls within the wide range of reasonable professional assistance; in other words, 
the defendant must overcome the presumption of sound trial strategy. Strickland, 466 U.S. at 689,
104 S.Ct. at 2065, quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83
(1955); see also Thompson, 9 S.W.3d at 813; Cochran v. State, 78 S.W.3d 20, 23 (Tex.App.--Tyler
2002, no pet.). Further, a "professionally unreasonable" error by trial counsel does not require a
reversal if the error had no effect on the judgment. Strickland, 466 U.S. at 691, 104 S.Ct. at 2066;
Cochran, 78 S.W.3d at 23. The constitutional right to counsel, whether counsel is appointed or
retained, does not mean errorless counsel or counsel whose competency or adequacy is to be judged
by hindsight. Mercado v. State, 615 S.W.2d 225 (Tex.Crim.App. 1981); Ex parte Prior, 540 S.W.2d
723, 726 (Tex.Crim.App. 1976); Duran v. State, 505 S.W.2d 863, 866 (Tex.Crim.App. 1974); Pete
v. State, 501 S.W.2d 683, 686 (Tex.Crim.App. 1973). An appellant challenging trial counsel's
performance faces a difficult burden and a substantial risk of failure. See Thompson, 9 S.W.3d at
813. In the absence of a record demonstrating the basis for trial counsel's action or inaction, a
defendant will rarely be able to rebut the presumption that counsel's action or inaction constituted
reasonable trial strategy. See Thompson, 9 S.W.3d at 814. 

Failure to Call Witnesses

 The failure to call or subpoena witnesses may demonstrate ineffective assistance of counsel, 
but Appellant must nevertheless overcome the presumption of sound trial strategy. The only record
bearing on this issue is the hearing on Appellant's application for writ of habeas corpus. We may
not consider the record of the writ proceeding in deciding the issues presented on direct appeal. See
In the Interest of M.B., 905 S.W.2d 344, 345 at n.2 (Tex.App.--El Paso 1995, no writ). Even were
we able to do so, Appellant has failed to present the testimony by trial counsel concerning his
strategy. Chavez's affidavit addresses only his failure to timely perfect appeal, not his failure to call
defense witnesses. We overrule Point of Error No. Two. Our holding, of course, does not foreclose
Appellant's right to pursue a post-conviction writ upon the conclusion of this direct appeal.


Failure to Object to Hearsay


 Next, Appellant argues her counsel provided ineffective assistance because he failed to object
to hearsay testimony by James Hughes. Hughes explained that he was test driving the car, that he
had not put cocaine in the car, that he had not brought any with him that night, and that he had not
scored any for Appellant. While some of the statements of which she complains are relatively
benign, (1) Hughes testified that Appellant "was asking me to tell him [the trooper] that it was mine." 
When asked why she would do so, Hughes replied, "Because her father is sick. She's got a new
baby. We've got a new baby, and her dad is sick, and she's, you know -- she hasn't had much luck
on her probation. She just got home after about six months of being in a halfway house." 

 Citing Howery v. State, 528 S.W.2d 230 (Tex.Crim.App. 1975) and Hulsey v. State, 447
S.W.2d 165 (Tex.Crim.App. 1969), Appellant concedes that Texas law does not apply the same
standard of corroboration of accomplice witness testimony at a probation revocation as that required
in a trial. Consequently, she complains that trial counsel nevertheless had an obligation to object to
the hearsay testimony.

 Even if Appellant had raised her hearsay objection at trial, the trial court could have properly 
overruled it. Rule 803(24) permits a statement against interest as an exception to the hearsay rule:

 In criminal cases, a statement tending to expose the declarant to criminal liability is
not admissible unless corroborating circumstances clearly indicate the
trustworthiness of the statement. [Emphasis added].


Tex.R.Evid. 803(24). Here, Appellant's statement to Hughes was corroborated by her suspicious
behavior as observed by Trooper Gray. Because the testimony was admissible, Appellant has failed
to meet the Strickland standard. We overrule Point of Error No. Three. Having overruled all points
of error, we affirm the judgment.



February 20, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish) 
1. Hughes testified without objection first, that Appellant had called him to ask for a ride home from work,
and second, that the trooper told him he had found cocaine in the car.