Lawrence DOUGLAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–89–00188–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 19, 1990.

Discretionary Review Refused Oct. 10, 1990.

Kent Schaffer, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Kimberly Aperach Stelter, Asst. Dist. Atty. for appellee.

Before SAM BASS, HUGHES and PRICE[1], JJ.

OPINION

PRICE, Justice (Assigned).

This appeal is from a conviction by a jury for possession of marihuana. The trial court sentenced appellant to 20 years confinement and assessed a $10,000 fine.

On April 15, 1988, pursuant to a narcotic search warrant, members of a Houston Po-

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at   Houston, sitting by assignment.

lice Department's drug enforcement team forcefully entered a small, one-bedroom apartment on the southwest side of town. Upon entering, the officers noted a strong aroma of burning marihuana permeating the air. Three occupants were inside and all were arrested. The appellant and another individual were observed sitting at a table in the living area. On the table were a lit marihuana cigarette and a baggie of marihuana. A third individual was arrested in the bedroom. On the bed nearby was a small amount of marihuana in open view.

A more thorough search of the premises uncovered three suitcases of marihuana in the bedroom closet, 59 "dime" baggies of marihuana under the kitchen sink, and a baggie of marihuana in the kitchen cupboard. Cash in the amount of $28,612 was found stuffed in a paper bag hidden in the air conditioning unit. The combined weight of the marihuana produced an amount greater than 50 pounds but less than 200 pounds.

Appellant's first point of error complains about the failure of the trial judge to grant his motion to suppress the contraband found during the execution of the search warrant. He asserts a lack of probable cause in the affidavit to the warrant, no corroboration of the informant's knowledge, and information that lacked ripeness.

The affidavit for the search warrant, in pertinent part, reads verbatim as follows:

It is the belief of the affiant, and affiant hereby charges and accuses that: the two black males, whose names are unknown, and other persons unknown, as described above, are in possession of the above listed controlled substance having the intent to deliver said controlled substance to person or persons unknown. My belief of the aforesaid statement is based on the following facts: I, Silverio Almanza, a city of Houston police officer assigned to the tactical unit of the southwest patrol division, received information about narcotic activities at the Airport Garden Apartment complex from a credible, reliable, and confidential informant. The informant told me that the two adult black males, whose names are unknown, and other persons unknown, as described in the above statement, are in possession of a quantity of cocaine for sale and/or personal use at 7700 West Airport, apartment number 911. The informant has been to the apartment and the informant has seen the two adult black males whose names are unknown, in possession of a quantity of cocaine while the informant was at 7700 West Airport, apartment number 911, Houston, Harris County, Texas, on April 12, 1988.

I received this information from the informant on April 12, 1988. The informant, who will remain anonymous for safety and security reasons, is a past user of cocaine. The informant can readily identify cocaine by sight and taste. The informant is confident that the white powdery substance that the informant saw being kept and sold in apartment number 911 is in fact cocaine. The informant has provided me with narcotic information in the past on at least three separate occasions, and on each and every occasion, the information has proven true, accurate, and correct.

Appellant contends that this affidavit lacked probable cause because there was no showing of where in the apartment cocaine was to be found, or how the informant knew if it was for sale or personal use. Further deficiencies exist because no mention was made of marihuana, the only contraband found during the search. The affidavit did not name or physically describe appellant, or state why the two black males who were described were unknown to the informant. Such deficiencies required corroboration to establish the informant as credible and here none existed.

It is well established that search warrants properly issue only when predicated on probable cause. This probable cause standard embraces the practical, common sense approach that contraband or evidence of a crime is probably located on the premises to be searched. Probable cause should not be controlled by the more technical standard of proof beyond a reasonable doubt or by a preponderance of the evidence. *See Illinois v. Gates*, 462 U.S. 213,

230–33, 103 S.Ct. 2317, 2328–30, 76 L.Ed.2d 527 (1983); *Brinegar v. United States*, 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949); *Hennessy v. State*, 660 S.W.2d 87, 89 (Tex.Crim.App.1983); *Tolentino v. State*, 638 S.W.2d 499, 501 (Tex. Crim.App.1982); *Winkles v. State;* 634 S.W.2d 289, 293 (Tex.Crim.App.1981).

A reviewing magistrate makes his common sense decision taking into consideration all of the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, to conclude that there is a fair probability that evidentiary items are located at a particular place. Veracity can be established by showing that the informant is "credible" or that the information given is "reliable."

■ A court reviewing the actions of the issuing magistrate should determine if there is substantial evidence in the record supporting the magistrate's decision to issue the warrant. This is not a de novo determination, but one based on the evidence as a whole, with great deference paid the magistrate's decision. *See Gates*, 462 U.S. at 230–33, 103 S.Ct. at 2328–30; *United States v. Ventresca*, 380 U.S. 102, 105–108, 85 S.Ct. 741, 744–46, 13 L.Ed.2d 684 (1965).

In the present case, the magistrate's task was to determine only if he had a substantial basis for believing that cocaine was probably located on the premises to be searched. It was of no consequence where on the premises it was to be found or if it was possessed for sale or personal use, contrary to what appellant suggests.

■ The affidavit reflects that the information came from personal observations of an informant, that the informant was a former user and could recognize cocaine, that he had been present inside the location within 48 hours of the issuance of the warrant, and that he had reliably and accurately given narcotics information to the affiant on three prior occasions. We think that no independent corroboration was necessary to establish the credibility of the informant.

■ The fact that a controlled substance other than that described in the affidavit was subsequently found, or that appellant did not fit the description of either of the two described black males, did not affect the validity of the warrant. Those matters bore no relevance on the issue of probable cause.

■ An officer may seize mere evidence of a crime, even though such property is not particularly described in the search warrant, when the objects discovered and seized are reasonably related to the offense in question and the discovery of such property is made in the course of a good faith search conducted within the parameters of the search warrant. *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 307–10, 87 S.Ct. 1642, 1650–52, 18 L.Ed.2d 782 (1967).

■ Appellant next asserts that the lapse of time between the informant's observations and the issuance of the search warrant was too great to justify the finding of probable cause at the time the warrant was issued. Confusion exists over the interpretation of the language in the warrant. The affiant received the information on April 12, and the warrant was issued on April 14. Reference is made in the warrant to the informant having been inside the questioned premises within the past 48 hours. Appellant maintains that this could date the information as early as April 10. It is true that the facts attested to in the search warrant affidavit must be so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at the time by the magistrate. *Heredia v. State*, 468 S.W.2d 833, 835 (Tex. Crim.App.1971). However, this appears to be a misreading of the warrant. The affidavit specifically states that the informant was inside the premises on April 12. Thus, it would appear that the 48–hour time period is measured from April 14, the date of the issuance of the warrant, and not April 12.

In *Moore v. State*, 456 S.W.2d 114, 115 (Tex.Crim.App.1970), the Court of Criminal Appeals noted that just how long a time

may be permitted to elapse without destroying the basis for a reasonable belief as to the continuance of the situation set forth in the affidavit will vary according to the facts of the individual case. In *Smith v. State*, 114 Tex.Crim. 315, 23 S.W.2d 387, 387 (Tex.Crim.App.1930), an affidavit was approved which recited that the affiants received their information 30 days prior to the issuance of the warrant.

In the present case, the informant was inside the questioned premises on April 12 and the warrant was issued April 14. We find that this period of time did not render the information stale. Therefore, we hold that the affidavit provided a substantial basis from which a reasonable and disinterested magistrate could have concluded that cocaine was on the premises to be searched.

Appellant next challenges the sufficiency of the evidence to sustain the conviction. In his second and third points of error, appellant contends that the evidence failed to establish that he knew of the contraband's existence and exercised control over it. He claims he was merely present, along with two others, at the location where the marihuana was discovered, most of which was hidden in various places therein; consequently, there was no nexus between the search for contraband and the evidence of criminal behavior.

■ A conviction for possession of a controlled substance is sustained when the proof establishes beyond a reasonable doubt that one exercised care, custody and control over a substance known by the person to be contraband. *Guitierrez v. State*, 533 S.W.2d 14, 15 (Tex.Crim.App. 1976). The control element need not be exclusive and can be satisfied with a minimum showing of at least joint possession with others. When the State relies on the theory of joint possession for conviction, it must prove an affirmative link between the accused and the substance sufficient to establish a reasonable inference that the accused knew of the drug's existence and its whereabouts. *Hineline v. State*, 502 S.W.2d 703, 705 (Tex.Crim.App.1973). Joint possession cannot be based solely on proof of mere presence at the location where contraband is found. It is necessary to produce additional independent facts and circumstances which indicate the accused's knowledge of the drug as well as control over it. *Powell v. State*, 502 S.W.2d 705, 708 (Tex.Crim.App.1973).

■ In the present case, appellant's presence at the scene was more than just mere coincidence. The record reflects that the apartment numbered 911, the location of the search, was a small one-bedroom, one-closet dwelling leased by appellant. Appellant was the sole tenant listed on the lease and had been since October 1987. The utility bills sent to that address bore only appellant's name.

During the execution of the search warrant, a strong odor of burning marihuana permeated the inside of the apartment. Appellant was found in the living area sitting at a table with another individual. On the table was a burning marihuana cigarette and a baggie of marihuana.

The bedroom was the location where the bulk of the marihuana was found. A small amount was recovered laying in plain view on top of the bed, while the major portion was discovered inside of three suitcases situated in the closet. Prior to going into the closet, the record reflects that appellant told the searching officer something that prompted him to retrieve the luggage and look inside.

Additional amounts of marihuana, packaged in 59 "dime bag" containers, were recovered from underneath the kitchen sink. A ziplock bag of marihuana was found in the kitchen cabinet.

The search also uncovered a brown paper sack containing cash in excess of $28,000. This money was hidden in the air conditioning unit inside of the apartment.

We therefore conclude that the State proved much more than appellant's mere presence at the scene of the offense. When the evidence is viewed in the light most favorable to the verdict, we hold that the necessary affirmative link was established to the extent that a reasonable belief can be inferred that appellant knew of the

marihuana's existence, its whereabouts, and exercised control over it.

The judgment is affirmed.