Juan Molina MENDIOLA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–92–418–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 21, 1993.

Juan L. Villescas, Pharr, for appellant.

Rene Guerra, Dist. and County Atty., Theodore C. Hake, and Cynthia A. Morales, Asst. Dist. Attys., Edinburg, for appellee.

Before SEERDEN, C.J., and KENNEDY, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

SEERDEN, Chief Justice.

Pursuant to a plea bargain, appellant was convicted of possessing cocaine and sentenced to six years in prison. By two points of error, one based on federal law and the other on state law, appellant contends that the trial court erred in not suppressing the cocaine. We disagree and affirm the trial court's judgment.

Appellant contends that the cocaine should have been suppressed because the facts contained in the affidavit supporting the warrant were not shown to be sufficiently related to the time when the warrant was issued. In other words, appellant contends that the information contained in the affidavit may have been so stale that the magistrate was not justified in finding the existence of probable cause at the time the warrant issued.[1]

■ At the outset, the State argues that appellant's points are factually groundless because the cocaine used to obtain appellant's conviction was not seized pursuant to the challenged warrant. We agree. The record shows that police officers obtained a warrant to search appellant's home on May 23, 1991. While the residence was being secured, investigator Mata surveilled appellant at his place of employment, a mechanic's shop. During the execution of the warrant, appellant left the mechanic's shop and headed toward his residence. Mata followed appellant's vehicle. It stopped in front of the residence. Mata approached appellant's vehicle, smelled marihuana, and saw an arm sticking out of the driver's window holding a burning marihuana cigarette. Mata identified himself and took the marihuana cigarette. Appellant was informed that he was

---

1. We may dispose of appellant's federal claims through use of the "good faith" exception. *See United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The Texas "good faith" exception is not as broad as the federal one, and State law requires the affidavit to provide probable cause. *See Gordon v. State,* 801 S.W.2d 899, 912 (Tex.Crim.App.1990).

under arrest for possessing marihuana. Agent Danny Ochoa searched appellant's person and discovered cocaine and additional marihuana. Three bags of marihuana were located in appellant's car. *All* of the evidence seized, including forty-four grams of cocaine, was obtained either from appellant's person or his car. None of the cocaine was seized from appellant's residence. It does not appear that appellant was stopped or arrested on the basis of the warrant.

The State argues on appeal that appellant's challenge to the search warrant is factually groundless because the cocaine was obtained by search incident to appellant's arrest for his plain-view possession of marihuana and not obtained pursuant to the warrant. The State did not present this argument at the suppression hearing but rather chose to counter appellant's legal argument concerning the staleness of the information included in the warrant affidavit. Although the State did not present the same argument at trial, we agree with its position that the validity of the warrant is immaterial to appellant's conviction. The challenged evidence simply was not a "fruit" of the warrant.

Nonetheless, we will address appellant's points as if the cocaine was obtained pursuant to the warrant. Appellant contends that the warrant affidavit failed to show that the confidential informant's information was not stale. Appellant relies on the proposition that facts stated in an affidavit must be so closely related to the time of the issuance of the warrant that a finding of probable cause is justified at that time. *Sgro v. United States*, 287 U.S. 206, 210, 53 S.Ct. 138, 140, 77 L.Ed. 260 (1932); *Sherlock v. State*, 632 S.W.2d 604, 608 (Tex.Crim.App.1982); *Peltier v. State*, 626 S.W.2d 30, 32 (Tex.Crim. App.1982); *Heredia v. State*, 468 S.W.2d 833, 835 (Tex.Crim.App.1971). The affidavit in the present case reads, in part:

This Affiant received information from a credible and reliable confidential informant that Juan Mendiola, Hispanic male, is keeping cocaine inside his residence described as the suspected place. The credible and reliable informant stated that he/she personally observed Juan Mendiola, the suspected party, inside his residence, the suspected place, in possession of a usable amount of cocaine and the credible and reliable confidential informant observed Juan Mendiola sell a usable amount of cocaine within the past seventy-two (72) hours from inside his residence, the suspected place . . .

The credible and reliable confidential informant stated that every time the credible and reliable confidential informant has been at the suspected place, the suspected party has had cocaine ready and available to sell to drug users.

■ The affidavit was sworn to on May 14, 1991, and the warrant was issued on the same date. In reviewing the sufficiency of the affidavit, we use the "totality of the circumstances" analysis. *See Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Massachusetts v. Upton*, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984); *Eisenhauer v. State*, 754 S.W.2d 159 (Tex. Crim.App.1988).

■ Appellant asserts that the affidavit is invalid because it does not show when the affiant received his information from the informant, when the informant saw appellant possess cocaine, or when the informant saw appellant sell cocaine. The State argues that the issuing magistrate could reasonably find that the informant saw appellant sell cocaine at his residence within seventy-two hours of the signing of the affidavit, and therefore the affidavit was sufficient. We agree. *See Capistran v. State*, 759 S.W.2d 121, 127 (Tex. Crim.App.1982) (informant was inside residence within past seventy-two hours).

■ A search warrant affidavit is inadequate if it fails to disclose facts which would enable a magistrate to ascertain from the affidavit that the event upon which probable cause was founded was not so remote as to render it ineffective. *Sherlock v. State*, 632 S.W.2d 604, 608 (Tex.Crim.App.1982). The affidavit here contains sufficient information from which a magistrate could conclude that a warrant would be effective. First, the affiant stated that the informant saw appellant sell cocaine from his residence within the past seventy-two hours. Second, the informant stated that every time he/she was at

appellant's place, appellant had cocaine ready and available to sell to drug users. Together, this information supports a conclusion that appellant probably possessed cocaine at his residence when the warrant was issued.

We find no authority for appellant's proposition that the affiant must state when he received his information from the informant. While a model affidavit might contain that information, the validity of the warrant must be judged by the time expiring between the informant's viewing of the illegal substance and the issuance of the warrant. A common sense reading of the affidavit shows that the affiant swore that the informant saw cocaine at appellant's residence within seventy-two hours of the signing of the affidavit. As the warrant was issued on the same day the affidavit was signed, we conclude the warrant was valid. The trial court did not err in overruling appellant's objections to the affidavit. Appellant's points of error are overruled.

The judgment of the trial court is affirmed.