In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00054-CR


______________________________




ELAINE BASS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 27903-B




 






Before Grant, Ross, and Cornelius,* JJ.

Opinion by Justice Grant



______________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


O P I N I O N



 Elaine Bass appeals her conviction for possession of a controlled substance with intent to
deliver. After her pretrial motion to suppress was denied, she pleaded "no contest" to intentionally
and knowingly possessing cocaine in an amount of one gram or more but less than four grams with
intent to deliver. Pursuant to a plea bargaining agreement, she was sentenced to three years'
confinement. 

 In her single point of error, Bass contends the trial court erred in denying her motion to
suppress evidence because the search warrant was not based on the required showing of probable
cause.

 Jason Brannon, an officer with the Kilgore Police Department assigned to the Gregg County
Organized Drug Enforcement Unit, obtained a search warrant in the instant case on or about May 24,
2000. The affidavit Brannon presented in support of the search warrant read in relevant part:

 1. THERE IS IN GREGG COUNTY, TEXAS A SUSPECTED PLACE
DESCRIBED AND LOCATED AS FOLLOWS: A single family gray frame
residence located on Wells St. in Kilgore, Gregg County, Texas. The residence is on
the south side of the road and the front door faces north. The residence is the first
residence on the south side of the road east of Bates St. Kilgore Police records
indicate that the suspected party shows an address of 431 Wells St. 


 2. THE SUSPECTED PLACE IS IN CHARGE OF AND CONTROLLED BY
EACH OF THE FOLLOWING NAMED PARTIES (HEREAFTER CALLED
"SUSPECTED PARTY" WHETHER ONE OR MORE) TO WIT: 

 A black female known to affiant as Elaine Bass. The black female is described as
being approximately 5'06" tall and weighing approximately 150 pounds. Kilgore
Police records indicate that Bass has a date of birth of 01-03-1962.


 3. IT IS THE BELIEF OF AFFIANT, AND AFFIANT HERBEY [sic] AND
ACCUSE THAT SAID SUSPECTED PARTY HAS POSSESSION OF, AND IS
CONCEALING WITHIN SAID SUSPECTED PLACE THE FOLLOWING
DESCRIBED PERSONAL PROPERTY, TO WIT: A quantity of Cocaine kept in
violation of the Texas Controlled Substance Act. 


 4. AFFIANT HAS PROBABLE CAUSE FOR THE SAID BELIEF BY REASON
OF THE FOLLOWING FACTS, TO WIT: . . .

 That, Affiant was contacted by a confidential informant, who advised that he/she had
been to the location listed in paragraph one within the past 48 hours prior to the
issuance of this warrant, and did at that time observe the suspected party listed in
paragraph two in possession of a quantity of Cocaine. 

 That, Affiant believes the confidential informant's information to be true and
reliable, because the confidential informant has provided Affiant with information
in the past relating to narcotics traffic, and that information did prove to be true and
correct.

 That, Affiant knows that the confidential informant is familiar with the appearance
of Cocaine. 


 Brannon and other officers executed the warrant and discovered certain controlled
substances, possession of which the officers attributed to Bass. After a pretrial hearing, the trial
court overruled Bass's motion to suppress the evidence based on lack of the required showing of
probable cause to obtain the search warrant. 

 Bass contends the affidavit in support of the search warrant fails to establish probable cause
because the affidavit fails to establish the reliability of the informant, fails to provide the magistrate
with sufficient information to determine the timeliness of the information, fails to sufficiently
describe the location to be searched, fails to show how the informant identified the suspect as Bass,
and fails to connect the informant's observations to the location to be searched. 

 We review the trial court's decision on a motion to suppress evidence based on a claim that
the search warrant was not supported by probable cause by applying a bifurcated standard of review
deferring to the trial court's determination of historical facts that depend on credibility but reviewing
the trial court's application of the law of probable cause de novo. See Burke v. State, 27 S.W.3d 651,
654 (Tex. App.-Waco 2000, pet. ref'd). The magistrate is confined to the four corners of the
affidavit in determining whether "there is a fair probability that contraband or evidence of a crime
will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983); see Massey v. State,
933 S.W.2d 141, 148 (Tex. Crim. App. 1996); Burke, 27 S.W.3d at 654. In determining whether the
magistrate had a substantial basis for concluding that probable cause existed, we examine the totality
of the circumstances and accord deference to the reasonable inferences the magistrate was entitled
to draw. See Gates, 462 U.S. at 238; see also Ramos v. State, 934 S.W.2d 358, 362-63 (Tex. Crim.
App. 1996); Hass v. State, 790 S.W.2d 609, 612 (Tex. Crim. App. 1990); Burke, 27 S.W.3d at 654. 
The totality of the circumstances includes the credibility and reliability of both the informant and the
informant's information, including the basis of the informant's knowledge of the facts related. See
Gates, 462 U.S. at 230-31; Osban v. State, 726 S.W.2d 107 (Tex. Crim. App. 1986), overruled on
other grounds, Heitman v. State, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991). We affirm the trial
court's ruling if the ruling is reasonably supported by the record and is correct on any theory of law
applicable to the case. Roberts v. State, 963 S.W.2d 894, 903 (Tex. App.-Texarkana 1998, no pet.). 

 First, Bass contends the affidavit fails to establish the reliability or credibility of the
informant. She argues the affidavit provides no details that make the statement credible, that the
confidential informant had provided the affiant with information in the past relating to narcotics
trafficking, which proved to be true and correct, worthy of belief. She further argues the affidavit
failed to state whether this information led to arrests, convictions, or cases being filed and how many
times the informant had given any information or over what period of time. She also argues the
affidavit provides no factual support for the statement the affiant knows that the confidential
informant is familiar with the appearance of cocaine. 

 The affidavit need not provide more specific details regarding the informant's reliability than
to state the informant had given information in the past regarding narcotics trafficking which had
proved correct. Torres v. State, 552 S.W.2d 821, 824 (Tex. Crim. App. 1977); Hammond v. State,
898 S.W.2d 6, 7-8 (Tex. App.-Dallas 1995, no pet.); Davis v. State, 696 S.W.2d 494, 498 (Tex.
App.-El Paso 1985, no pet.). Because such a statement, when interpreted in a realistic and
commonsense manner, indicates the informant's familiarity with controlled substances, no further
details are required to spell out the informant's qualifications in recognizing specific drugs. See
Torres, 552 S.W.2d at 824; see also Palmer v. State, 614 S.W.2d 831, 832-33 (Tex. Crim. App.
[Panel Op.] 1981). 

 The affidavit clearly stated that the informant had provided information in the past relating
to narcotics trafficking and that such information had proved true and correct. The affidavit went
on to state the affiant knew that the informant was familiar with the appearance of cocaine. The
affidavit was sufficient to provide the magistrate with facts on which to base a determination of the
informant's credibility. 

 However, a finding of credibility and reliability for the information contained within the
affidavit is not enough. The information in the affidavit, found to be credible and reliable, must
provide the magistrate with a substantial basis for concluding there is a fair probability that
contraband or evidence of a crime will be found in a particular place. See Gates, 462 U.S. at 238. 

 To this end, the affidavit must be sufficient to determine the timeliness of the information
contained therein. See Sherlock v. State, 632 S.W.2d 604 (Tex. Crim. App. [Panel Op.] 1982)
(affidavit was insufficient where there was no information regarding when the informant's
observations were made); Mendiola v. State, 865 S.W.2d 540, 542 (Tex. App.-Corpus Christi 1993,
no pet.) (affidavit was sufficient when it stated the informant's observation was within the past
seventy-two hours). 

 Bass contends the phrase "within the past 48 hours prior to the issuance of this warrant" fails
to provide the magistrate with a meaningful basis to determine the timeliness of the information the
informant provided because the warrant could not have been issued at the time the affidavit was
being prepared and it would be impossible for the officer to know, at the time the affidavit was being
prepared, when or whether the warrant would be issued. However, the affidavit and the search
warrant were signed the same day. The magistrate, viewing the date on the affidavit, would have
been able to take that into account in interpreting the affidavit and making inferences from the facts
stated therein. It is unnecessary to assume the magistrate interpreted the statement to mean the
officer had anticipated the hour in which he would submit the affidavit to the magistrate, as the State
suggests. Even assuming the magistrate interpreted that statement to mean within forty-eight hours
of the affidavit being signed, which would put the informant's observation furthest back in time, to
at most seventy-two hours, the affidavit provided some indication of when the informant's
observations were made.

 The State argues that a two-day lapse between the time of the informant's observations
concerning the presence of drugs and the issuance of a warrant does not render the information stale. 
See Douglas v. State, 794 S.W.2d 98 (Tex. App.-Houston [1st Dist.] 1990, pet. ref'd). In the
Douglas case, the court found that the period of time involved did not render the information stale. 
This determination was made even though the lapse of time between the presence of the informant
on the premises in question may have been as long as four days before the issuance of the warrant. 
The court in Douglas recognized that "just how long a time may be permitted to elapse without
destroying the basis for a reasonable belief as to the continuance of the situation set forth in the
affidavit will vary according to the facts of the individual case." Id. at 101-02 (citing Moore v. State,
456 S.W.2d 114, 115 (Tex. Crim. App. 1970). Thus, a determination of timeliness is based not only
on the amount of time that elapsed since the informant obtained the information, but also on what
that information was, as reflected by the affidavit. Even though the magistrate in the present case
could reasonably infer that the information was obtained by the informant between forty-eight and
seventy-two hours before presentment of the affidavit, this alone would not be enough for the court
to determine the information was stale. There must be a substantial basis for the magistrate to have
found there was a fair probability that contraband or evidence of a crime would be found in a
particular place. See Gates, 462 U.S. at 238. 

 To this end, the affidavit must also sufficiently describe the premises to be searched. See
Smith v. State, 962 S.W.2d 178, 184 (Tex. App.-Houston [1st Dist.] 1998, pet. ref'd). Bass contends
that because the affidavit contained an incorrect address and lacked supporting facts regarding the
location to be searched, it failed to provide a nexus between the information the affiant received from
the informant and the location described in the affidavit. 

 Minor discrepancies will not invalidate a warrant if the affidavit and warrant otherwise
sufficiently describe the premises to be searched. See id.; see also Taylor v. State, 974 S.W.2d 851,
855-56 (Tex. App.-Houston [14th Dist.] 1998, no pet.); Jones v. State, 914 S.W.2d 675, 678 (Tex.
App.-Amarillo 1996, no pet.). The warrant must identify the place to be searched sufficiently so that
the officers who execute the warrant, acting as reasonable men, can locate that place and identify it
from other places in the community. See Smith, 962 S.W.2d at 184 (citing Bridges v. State, 574
S.W.2d 560 (Tex. Crim. App. 1978)). Because such discrepancies or insufficiency may not be
apparent on the face of the affidavit, evidence beyond the affidavit may be required at the hearing
on the motion to suppress to determine whether the description of the location to be searched was
sufficient. See Jones v. State, 914 S.W.2d 675, 678 (Tex. App.-Amarillo 1996, no pet.). 

 Although the street address was incorrect on the affidavit, the location of the residence was
described in detail. Brannon, the affiant and executing officer, was the only witness at the
suppression hearing. Brannon testified he had obtained the street address from the Kilgore police
records, as stated in the affidavit. Brannon also testified the informant had provided the description,
except for the street address. The affidavit states the informant had been to the location listed in
paragraph one. Brannon testified that he did not drive by to verify the description and address of the
house before he wrote the affidavit because it would have been detrimental to his investigation, but
that he was familiar with the house when the informant described the house to him, and he knew
which house the informant was describing. Brannon testified he would be able to follow the
description to locate the residence. He testified that the officers discovered the incorrect address
during the execution of the warrant, but that the numerical address was the only error regarding the
description of the house.

 Based on the affidavit itself and the evidence adduced at the hearing on the motion to
suppress as summarized above, the description of the location to be searched was sufficient. 

 As to the contention the affidavit does not specifically show the basis of knowledge of the
identity of Bass or the basis of the informant's knowledge that the premises were under Bass's
control, the case of Illinois v. Gates, 462 U.S. 213, negates the necessity of a showing of the basis
of knowledge and adopts a totality of the circumstances review.

 The affidavit states the Kilgore police records indicated the suspect's address as 431 Wells
Street. On the face of the affidavit, the magistrate could have inferred the suspect would have
control over the address listed in the police records. However, the officers discovered that the street
number listed in the affidavit did not correspond to the residence that was otherwise described in the
affidavit. Because such error was not apparent on the face of the affidavit, we consider evidence
presented at the hearing on the motion to suppress. Officer Brannon testified he knew which house
the informant was describing because he was familiar with the house.

 Bass contends the use of the term "possession" without further supporting facts was a
conclusory statement that cannot support a finding of probable cause. See Hall v. State, 795 S.W.2d
195 (Tex. Crim. App. 1990); Cassias v. State, 719 S.W.2d 585 (Tex. Crim. App. 1986); Parish v.
State, 939 S.W.2d 201 (Tex. App.-Austin 1997, no pet.); Lowery v. State, 843 S.W.2d 136 (Tex.
App.-Dallas 1992, pet. ref'd); Alvarez v. State, 750 S.W.2d 889 (Tex. App.-Corpus Christi 1988,
pet. ref'd).

 The affidavit in the present case makes clear that the basis for the informant's conclusion was
personal observation; thus, the magistrate could reasonably infer that the informant observed the
cocaine and the suspect in some way that, based on the relation of one to the other, the informant
concluded that the cocaine was in the control of the suspect. 

 Reviewing the affidavit in the light of the totality of the circumstances, we find the
information contained in the affidavit provided the magistrate with a substantial basis for concluding
there was a fair probability that contraband or evidence of a crime would be found in a particular
place.

 The judgment of the trial court is affirmed.




 Ben Z. Grant

 Justice


Date Submitted: April 11, 2002

Date Decided: October 10, 2002


Do Not Publish