In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00138-CR
NO. 01-02-00139-CR
____________

DARRYL WATTS DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court 
Harris County, Texas
Trial Court Cause Nos. 876917 & 876918 




O P I N I O N
          Appellant, Darryl Watts Davis, pled guilty to (1) possession of a controlled
substance, namely ecstasy, and (2) tampering with evidence. After a pre-sentence
investigation (PSI) hearing, the trial court sentenced appellant to five years’
confinement in prison. In his sole point of error, appellant asserts that he received
ineffective assistance of counsel because trial counsel did not object to an extraneous
offense included within the PSI report. We affirm. 
Facts
          The PSI report submitted to the trial court describes appellant’s arrest as
follows: On May 10, 2001, Deputy Gamble of the Harris County Sheriff’s
Department stopped appellant’s vehicle for speeding. Because Gamble smelled
marihuana as he approached the vehicle, he asked appellant and a passenger to exit. 
Gamble conducted a search and found ecstasy pills on both appellant and the
passenger. In addition, Gamble found bags of marihuana taped to the passenger’s
body. After securing appellant and the passenger in the patrol car, Gamble searched
appellant’s vehicle and found four bags of marihuana and an electronic scale. 
Appellant and the passenger were then arrested. 
Ineffective Assistance of CounselThe standard for reviewing claims of ineffective assistance of counsel is set
forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). 
See Hernandez v. State, 726 S.W.2d 53, 54 (Tex. Crim. App. 1986). To receive a
reversal for ineffective assistance, appellant must show both (1) that counsel’s
performance was so deficient that he was not functioning as acceptable counsel under
the Sixth Amendment, and (2) that, but for counsel’s error, the result of the
proceedings would have been different; that is, a probability sufficient to undermine
confidence in the outcome. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. 
          Although appellant was not charged with possession of marihuana, the trial
court did consider the PSI report, which included appellant’s extraneous offense of
possession of marihuana, before sentencing appellant. On appeal, appellant contends
that trial counsel was ineffective for not objecting to the extraneous offense included
within the PSI report. 
          Appellant relies on article 37.07, section 3(a) of the Code of Criminal
Procedure. See Tex. Code Crim. Proc. Ann. art 37.07, § 3(a) (Vernon Supp. 2002). 
According to section 3(a), when sentencing a defendant, a trial court may consider
evidence of extraneous crimes or bad acts committed by the defendant provided that
those crimes or bad acts are proven beyond a reasonable doubt. Tex. Code Crim.
Proc. Ann. art 37.07, § 3(a). Appellant argues that his possession of marihuana was
not proven beyond a reasonable doubt because the marihuana found in his vehicle
most likely belonged to the passenger of the vehicle. Thus, appellant contends that
the possession of marihuana in his PSI report was inadmissible and that trial counsel
was ineffective for not objecting. 
          In order to prove possession of marihuana beyond a reasonable doubt, the State
must show that appellant (1) exercised care, custody, control, or management over the
marihuana and (2) knew the substance he possessed was marihuana. Gilbert v. State,
874 S.W.2d 290, 297 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d); see also Tex.
Penal Code Ann. § 1.07(39) (Vernon 1994). Possession of marihuana need not be
exclusive, and evidence that shows that appellant jointly possessed marihuana with
another is sufficient. See McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App.
1985); Douglas v. State, 794 S.W.2d 98, 102 (Tex. App.—Houston [1st Dist.] 1990,
pet. ref’d). Additionally, under the law of parties, a person is criminally responsible
for an offense committed by another if, “acting with intent to promote or assist the
commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the
other person to commit the offense.” Tex. Penal Code Ann. § 7.02(a)(2) (Vernon
1994). 
          In his PSI report, appellant admitted driving a rental car that he knew contained
marihuana. Even if the passenger of the vehicle was the owner of the marihuana as
appellant asserts, appellant still possessed marihuana, as either a joint possessor or
a party. Appellant knowingly exercised custody and control over a substance he
knew to be marihuana. Furthermore, appellant knowingly aided a passenger
transporting marihuana. Under either theory, the State proved knowing possession
beyond a reasonable doubt. 
          Because the State proved possession of marihuana beyond a reasonable doubt,
the admission of this extraneous offense within appellant’s PSI report was not
objectionable. See Tex. Code Crim. Proc. Ann. art 37.07, § 3(a). Accordingly, trial
counsel was not ineffective for declining to object to an admissible piece of evidence. 
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgments of the trial court.
 



     Elsa Alcala
     Justice

Panel consists of Justices Taft, Alcala, and Price.




Do not publish. Tex. R. App. P. 47.4.